IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CHARLES PILGER,

    Plaintiff,

    v.                          CIVIL NO.: WDQ-10-0597

D.M. BOWMAN, INC.,

    Defendant.

MEMORANDUM OPINION

Charles Pilger sued D.M. Bowman, Inc. ("Bowman") for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and Maryland law. For the following reasons, Pilger's motion to amend his complaint will be denied.

I. Background

Bowman is a trucking company headquartered in Williamsport, Maryland. Charles Pilger Dep. 29:6-8, July 29, 2010. *Id.* In 1980, Pilger began working as a shop manager in Bowman's maintenance division, and in February 2007, he became a breakdown coordinator. ECF No. 32, Ex. A at ¶¶ 13 & 16. As a breakdown coordinator, Pilger was responsible for communicating with drivers about maintenance issues on the road, contacting vendors to make repairs, and reviewing and entering repair invoices. Vincent Boarman Dep. 10:20-13:2; 26:14-27:3, Aug. 12, 2010.

On January 26, 2009, Pilger was terminated. ECF No. 32, Ex. H. He received a termination notice from his supervisor, Vincent Boarman, which stated that his termination resulted from failure to "do[] his job efficiently and correctly" or to notice that vendors were charging Bowman unnecessary fees for "washing, pickup, delivery and routine inspection" of its trucks. *Id.* The charges "cost the company over $12,000.00." *Id.* Pilger was 61 when he was terminated. Pilger Aff. ¶3. He was replaced by 26 year old Nathan Reid. Thomas Gill Aff. ¶ 1, Jan. 27, 2011. On March 9, 2010, Pilger sued Bowman for age discrimination and other claims. ECF No. 1.

On May 12, 2010, the Court issued a scheduling order which set June 28, 2010 as the deadline for the amendment of pleadings. ECF No. 6. On August 3, 2010, Pilger's attorney, Thomas Gill, Esquire, received Pilger's personnel file from Bowman. Thomas Gill Aff. ¶ 4, Sept. 8, 2010. The file "showed that [Pilger] was paid on a salaried basis." *Id.* On August 30, 2010, Gill received a copy of Boarman's deposition transcript. *Id.* ¶ 5. Boarman had testified that Pilger did not have authority to negotiate contracts with vendors and could not approve repairs of $1,000 or more. *Id.* ¶ 6. From the file and deposition, Gill concluded "that Mr. Pilger did not meet any of the white collar exemptions under the Fair Labor Standards Act" ("FLSA"). On September 8, 2010, Pilger moved to add an FLSA claim for failure to pay overtime wages. ECF No. 18.

II. Analysis

Under Fed. R. Civ. P. 15(a), leave to amend the complaint "should [be] freely give[n] when justice so requires," and a motion to amend should be denied only when it would be prejudicial, there has been bad faith, or amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001). Rule 16(b) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Recognizing the tension between Rules 15(a) and 16(b), the Fourth Circuit has held that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). If the movant satisfies Rule 16(b), the court then considers whether leave to amend should be granted under Rule 15(a). *Id.*

Pilger argues there is good cause to amend the scheduling order because the transcript of Boarman's deposition and the personnel file were not available until after the deadline for amendment of the pleadings had expired. Pl.'s Mot. to Amend 2. Bowman contends that Pilger had "ample opportunity to add the FLSA claim" before the deadline passed because he "knew his job duties and [how] he was paid" before his personnel file was produced or Boarman was deposed. Def.'s Opp'n 5.

3

"Rule 16 (b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party. *Montgomery v. Anne Arundel Cnty.*, 182 Fed. Appx. 156, (4th Cir. 2006). "Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard." *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 632 (D. Md. 2003)(internal quotation marks and citation omitted). If the party was not diligent, "the inquiry should end." *Id.*

A movant may show good cause by demonstrating that "the deadlines [could not] reasonably be met despite [his] diligence." *Remediation Prods., Inc. v. Adventus Americas, Inc.*, 2009 WL 101692, at *1 (W.D.N.C. Jan. 18, 2009). Good cause is not shown when an amendment to the pleadings could have been timely made within the deadline set by the scheduling order. *Wildauer v. Frederick Cnty.*, 993 F.2d 369 (4th Cir. 1993). Certainly Pilger knew his own job duties and how he was paid before his counsel received the personnel file and Boarman's deposition transcript. The information forming the basis for the FLSA claim Pilger seeks to add was in his possession from the start of this litigation. He has not demonstrated good cause to amend the scheduling order.[1]

---

[1] *See Asphalt Refining & Tech. Co., LLC v. Underwriters*, 2011 WL 222454, at *3 (11th Cir. Jan. 26, 2011)(plaintiff "failed to demonstrate 'good cause' to amend the scheduling order . . .

4

Further, amendment of the complaint at this stage of the litigation would be prejudicial to Bowman and the "efficient" and "orderly administration of justice." *Burton v. Youth Servs. Int'l, Inc.*, 176 F.R.D. 517, 521 (D. Md. 1997). Discovery has closed. The claim Pilger seeks to add is unrelated to the claims in the original complaint, and would require additional discovery.[2] Dispositive motions have been filed and resolved by the Court on the original claims; amendment of the complaint now would delay final resolution of those claims. Pilger's motion will be denied.[3]

III. Conclusion

For the reasons stated above, Pilger's motion for leave to amend the complaint will be denied.

6/24/11
Date

William D. Quarles, Jr.
United States District Judge

---

because it was aware of the predicate facts supporting [the new claim] before the deadline for amendments").

[2] See *Burton*, 176 F.R.D. at 521 (motions to amend the complaint generally are allowed after the close of discovery only if "the amendments are needed only to conform the pleadings to the facts that are already fully on the record" or "further discovery is necessary because of facts justifiably learned for the first time near the end of discovery.").

[3] It appears that Pilger will not be prejudiced by denial of his motion because he appears to allege a willful violation of the FLSA, see Mot. to Amend, Ex. 3 at ¶ 72.d, which is subject to a three-year limitations period that apparently may not have run, *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 358 (4th Cir. 2011).