IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CHARLES PILGER,

    Plaintiff,

    v.                                 CIVIL NO.: WDQ-10-0597

D.M. BOWMAN, INC.,

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

    Charles Pilger sued D.M. Bowman, Inc. ("Bowman") for age discrimination, in violation of the Age Discrimination in Employment Act (the "ADEA")[1] and the Maryland Human Relations Act (the "MHRA").[2] For the following reasons, the Court admitted Pilger's Exhibit 13,[3] and excluded evidence of Pilger's front pay.

  A. Pilger's Exhibit 13

    During Pilger's testimony, the Plaintiff offered a spreadsheet summarizing business records produced by Bowman. Bowman objected, arguing that Pilger's attorney had produced the

---

[1] 29 U.S.C. §§ 621, et seq.

[2] Md. Code Ann., State Gov't §§ 20-1001, et seq. (formerly Md. Code Ann. Art. 49B).

[3] The Court's ruling disposed of Part 1 of Pilger's omnibus motion in limine (ECF No. 57) and one of Bowman's motions in limine (ECF No. 60).

spreadsheet, and was the only person who could authenticate it.

Fed. R. Evid. 1006 "permits the admission of charts into evidence as a surrogate for underlying voluminous records that would otherwise be admissible into evidence." *United States v. Laguerre*, 146 F. App'x 595, 597 (4th Cir. 2005). Authentication requires only "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. "Testimony concerning the accuracy of Rule 1006 evidence may, but need not, be provided by the person who prepared the summary, chart or calculation in question." Charles A. Wright, et al., 31 Fed. Prac. & Proc. Evid. § 8044 (1st ed.).

Although Pilger did not create the spreadsheet, he was familiar with how it was made, and testified that it was an accurate summary of the records produced by Bowman.[4]

B. Evidence of Front Pay

Pilger argued that the jury should determine Pilger's lost wages and benefits beyond the date of the jury's verdict. The Fourth Circuit has determined that "front pay" under the ADEA is for the Court to decide, not the jury. *See Duke v. Uniroyal*,

---

[4] The Court also rejected Bowman's argument that the spreadsheet's probative value was "marginal at best" and the exhibit was "likely to mislead the jurors through an apples to oranges comparison" because Pilger could not show that the other employees in the spreadsheet were like him in all material respects. ECF No. 60-1 at 5. Bowman is free to cross examine Pilger on the issue and argue to the jury that the employees in the spreadsheet were not similarly situated to Pilger.

*Inc.*, 928 F.2d 1413, 1423-24 (4th Cir. 1991). Although the Maryland appellate courts have not said whether front pay under the MHRA may be determined by a jury, the MHRA is generally interpreted "in harmony" with federal civil rights statutes. *See Chappell v. S. Md. Hosp., Inc.*, 578 A.2d 766, 772 (Md. 1990). Accordingly, the Court excluded evidence of front pay and will resolve the issue after trial, should the jury return a verdict for Pilger.

C. Conclusion.

For the reasons above, the Court admitted Pilger's Exhibit 13, and excluded evidence of Pilger's front pay.

_____6/27/12_____  
Date

_____/s/ Quarles, Jr._____  
William D. Quarles, Jr.  
United States District Judge