IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CHARLES PILGER,

    Plaintiff,

        v.                     CIVIL NO.: WDQ-10-0597

D.M. BOWMAN, INC.,

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

On June 29, 2012, a jury found that D.M. Bowman ("Bowman") was not liable to Charles Pilger for violating the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Pending is Pilger's motion to correct or amend the record on appeal.  For the following reasons, the motion will be granted in part and denied in part.

I.   Background

On Friday June 29, 2012, the Court held a conference on draft jury instructions and a verdict sheet distributed the day before.  Bowman objected to Instruction Number 13 (the "Thursday Instruction"), which defined the causation needed for Pilger's age discrimination claim as age being the "critical factor" in the decision to fire him. *See* ECF No. 102 at 4:18-5:19.  The

Court changed the instruction to age as the "sole factor."  *Id.* at 6:5-13.

After a recess, Pilger objected to the revised Instruction Number 13 (the "Friday Change") and the verdict sheet, as "it impli[ed] Mr. Pilger's age must have been the sole reason for his termination."  *Id.* at 20:7-10.  The Court instructed the jury that one of the elements of Pilger's claim was "that the Plaintiff's age was the reason that the Defendant fired him."  *Id.* at 33:18-19.  When instructing the jury, the Court did not refer to the instructions by number.  *See id.*

On July 26, 2012, Pilger filed his notice of appeal.  ECF No. 88.  On September 10, Pilger moved to amend or correct the record to include the Thursday Instruction and the Friday Change.  ECF Nos. 92, 93 (corrected).  On October 19, 2012, the Court denied the motion without prejudice because the transcript had not been produced.  ECF No. 98.  On November 21, 2012, the court reporter filed the official transcript.  ECF Nos. 99-102.

On December 19, 2012, Pilger again moved to amend or correct the record to include the Thursday Instruction, the Court's proposed verdict form, and Friday Change in the record. ECF No. 105.  On January 2, 2013, Bowman responded, objecting to inclusion of the Thursday Instruction and the proposed verdict form, but not objecting to amending the record to include the Friday Change.  ECF No. 106.  Pilger has not replied.

II.  Analysis

    A.  Legal Standards

        1.  Record on Appeal

Under Fed. R. App. P. 10(a), the record on appeal consists of (1) the original papers and exhibits filed in the district court, (2) the transcript of the proceedings, and (3) a certified copy of the docket entries.  Rule 10(e) permits correction of the record "[i]f anything material to either party is omitted from or misstated in the record."  Fed. R. App. P. 10(e)(2).  Under the Fourth Circuit's local rules, disputes about the correction of the record should be resolved by the district court.  Local Rule 10(d) (4th Cir.).

        2.  Objections to Jury Instructions

To object to a jury instruction, a party "must do so on the record, stating distinctly the matter objected to and the grounds for the objection."  Fed. R. Civ. P. 51(c).  In reviewing jury instructions, the Fourth Circuit examines "whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law."  *United States v. Shrader*, 675 F.3d 300, 308 (4th Cir.), *cert. denied* 81 U.S.L.W. 3306 (2012) (internal quotation marks omitted).

B.    The Jury Instructions and Verdict Sheet

1.    The Friday Change

Pilger requests that the Friday Change be included in the record because, when instructing the jury, it "was not read into the record." ECF No. 105-2 at 2.  Bowman does not oppose including this instruction for clarification because the instruction was not read into the record during argument on the instruction.  ECF No. 106 at 3.  Accordingly, the Friday Change Instruction Number 13 will be included in the record.[1]

2.    The Proposed Verdict Sheet

Pilger requests that the proposed verdict sheet be added to the record on appeal.  *See* ECF No. 105-2 at 2.  Bowman objects to its addition because it is already before the Fourth Circuit. ECF No. 106 at 4.

The jury's verdict, including the language objected to by Pilger is part of the record.  ECF No. 83.  Accordingly, the record need not be amended to include the proposed verdict sheet.

3.    The Thursday Instruction

Pilger asserts that the record should be amended to include

---

[1] Pilger also briefly references Instruction Number 14 as part of the Friday Change and appears to request that it be included as part of the record on appeal.  *See* ECF No. 105-2 at 1.  Pilger did not object to Instruction Number 14.  *See* ECF No. 102 at 20:7-10, 13-14.  As he did not preserve his objection under Rule 51(c), it will not be included in the record.

4

the Thursday Instruction because it was "before the [C]ourt "during the Rule 51 process." ECF No. 105-2 at 2-3. Bowman objects as it is immaterial to the issue on appeal. ECF No. 106 at 4.

On appeal, the Fourth Circuit will examine "whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law." *Shrader*, 675 F.3d at 308 (internal quotation marks omitted). The inquiry is not which instructions the Court initially proposed, but how the jury was actually instructed. *See id.* Accordingly, the Thursday Instruction is immaterial to the Fourth Circuit's analysis, and it will not be added to the record. *See* Fed. R. App. P. 10(e). Pilger's motion will be granted in part and denied in part.

III. Conclusion

For the reasons stated above, Pilger's motion to amend or correct the record on appeal will be granted in part and denied in part.

_____
Date   1/31/13

_____
William D. Quarles, Jr.
United States District Judge